**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| Vincent Dixon, ) | |
| ) | CR No. 9:12-cr-00637-MBS-31 |
| Movant, ) | C/A No. 9:17-cv-01841-MBS |
| v. ) | |
| ) | **OPINION AND ORDER** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Vincent Dixon ("Movant") is a federal inmate currently housed at Montgomery Federal Prison Camp in Montgomery, Alabama. On July 12, 2017, Movant, proceeding with counsel, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence. ECF No. 2264. Movant's § 2255 motion asserts that counsel was ineffective for withdrawing objections to Movant's Presentence Investigation Report ("PSR")(Ground 1); and Movant's counsel was ineffective for failing to meaningfully consult with Movant about filing an appeal (Ground 2). Id. at 2-5.

This matter is before the court on a motion to dismiss or in the alternative for summary judgment filed by Respondent United States of America (the "government") on August 25, 2017. ECF No. 2277. Movant filed a response to the government's motion on September 22, 2017. ECF No. 2288. The court held an evidentiary hearing on July 22, 2020.

## I.     FACTUAL AND PROCEDURAL HISTORY

On October 8, 2013, a federal grand jury returned a 3-Count Second Superseding Indictment against Movant and his co-conspirators. The Superseding Indictment charged Movant with conspiracy to distribute oxycodone in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and

1

846 (Count 1). ECF No. 866. On January 21, 2015 Movant pleaded guilty to Count 1. ECF No. 1634. On July 1, 2016, the court sentenced Movant to a total of 120 months imprisonment, with 36 months of supervised release to follow. ECF No. 2107. Movant did not appeal his sentence or conviction.

## II.     LEGAL STANDARD AND DISCUSSION

In Strickland v. Washington, the Supreme Court provided a two-part test courts should use to evaluate ineffective assistance of counsel claims. 466 U.S. 668 (1984). The first prong requires that a defendant show representation fell below an "objective standard of reasonableness." Id. at 687-91. There is a presumption that performance is reasonable. Id. at 689. The second prong requires a defendant show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The Supreme Court defined "reasonable probability" as "a probability sufficient to undermine confidence in the outcome." Id. If a court finds that a defendant did not meet his or her burden in proving the second prong, a court does not have to consider the first prong. Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992). Defendants who plead guilty face a higher burden of proving ineffective assistance of counsel, as such defendants are bound by the statements they make at Rule 11 hearings "[a]bsent clear and convincing evidence to the contrary." Id. at 1299.

### a. Movant's claim that counsel was ineffective for withdrawing objections to the PSR

Movant asserts that he made a number of objections to his PSR, but prior to sentencing, his attorney informed him that the government would seek a four-level enhancement to Movant's sentencing guideline calculation should he proceed with Movant's objections. ECF No. 2264-1 at 1. Movant also asserts that his attorney informed him that the government would argue against a

three-level Guideline reduction for acceptance of responsibility, and would bring witnesses to Movant's sentencing hearing to testify against Movant regarding drug weights. Id.  Movant agreed to withdraw his objections to his PSR. Id. at 2. Movant claims that waiving "meritorious objections" to the PSR constituted ineffective assistance of counsel, and that he was pressured to agree to waive objections. Id.  In response, the government asserts that Movant's counsel's decision to withdraw objections was a strategic decision and therefore did not constitute ineffective assistance of counsel. ECF  No. 2277-1 at 5. The government also asserts that Movant cannot show that the results of the proceedings would have been different had Movant not withdrawn his objections. Id. at 6.

The Court of Appeals for the Fourth Circuit has evaluated the importance of counsel's strategic decisions, stating that "[t]he best course for a federal habeas court is to credit plausible strategic judgments in the trial of a . . . case." Bunch v. Thompson, 949 F.2d 1354, 1364 (4th Cir. 1991); see also Fitzgerald v. Greene, 150 F.3d 357, 369 (4th Cir. 1998)( "Counsel's strategy . . . was credible and, therefore, should not be second-guessed."). Other courts in this Circuit have found that strategic decisions to withdraw objections to PSRs are not prejudicial. See Williams v. United States, No. 4:05-00779-CWH, 2007 WL 4148345, at *5 (D.S.C. Nov. 21, 2007)(finding no ineffective assistance when "the petitioner and counsel elected to withdraw these objections rather than run the risk of not receiving a downward departure motion.")

At the hearing, Movant's counsel testified that he provided Movant with an email which presented options on how to proceed at sentencing. Counsel testified he gave Movant an opportunity to decide whether to sustain or withdraw his objections to the PSR. Movant's counsel further testified that he found Movant "intelligent" and capable of making decisions on his own. Movant's counsel testified that in his experience as a federal criminal defense attorney,

it appeared likely that the government would argue for the imposition of a higher sentence following a contested sentencing hearing. Counsel testified that he in no way promised that Movant would receive a higher sentence if he did not withdraw his objections to the PSR. Acting on information from the government, Movant's counsel testified that he suggested a strategy of proceeding without objecting to the PSR in order to avoid a potential sentencing enhancement, and a prolonged sentencing hearing with numerous witnesses. Movant's counsel testified that he presented various ways to proceed, including withdrawing his objections to the PSR. Counsel testified that Movant withdrew his objections, the government did not argue for a sentencing enhancement, and Movant received a below-Guidelines sentence.[1]

Movant testified that he received the email from his attorney. Movant testified that he decided to withdraw his objections after discussing the issue with his lawyer, stating that "common sense told me just drop [the objections]." ECF No. 2542 at 21. Movant also testified that he was concerned about what witnesses might say in their testimony against Movant. Movant also testified that at his sentencing, Movant stated on the record that he agreed with the decision to withdraw objections.

The court finds that Movant's counsel's decisions to withdraw objections to the PSR was a strategic decision that ultimately resulted in a lower sentence for Movant. Counsel acted in a professional manner. Regarding prejudice, as the PSR indicates, the United States Probation Officer assigned to Movant's case thoroughly evaluated Movant's objections and recommended that no changes to the PSR were warranted. ECF No. 2058-1 at 1-3. Movant's counsel's decision to withdraw the objections to Movant's PSR did not prejudice Movant, as there is no guarantee

---

[1] Movant's PSR originally suggested a sentence of 135-168 months. ECF No. 2058.

4

the court would have sustained the objections should Movant's counsel have presented them. Movant's counsel was not ineffective in this regard.

### b. Movant's claim that counsel was ineffective for failing to consult regarding an appeal

Movant asserts his counsel did not consult him regarding an appeal. Pursuant to <u>Roe v. Flores-Ortega</u>, the Supreme Court has reasoned that counsel may have a duty to consult their clients regarding appeals. 528 U.S. 470, 478-80 (2000). Failure to file an appeal when requested to do so by a client is <u>per se</u> ineffective assistance of counsel. <u>Evitts v. Lucey</u>, 469 U.S. 387, 391-405 (1985).

The transcript of the sentencing hearing demonstrates that the court advised Movant about his appeal rights. ECF No. 2261 at 22. Furthermore, at the hearing on Movant's motion, Movant's counsel provided an e-mail he sent Movant that detailed Movant's appeal rights and discussed whether Movant may have had grounds to appeal. ECF No.2277-2 at 3. Movant testified that he did not remember the e-mail. Movant also testified that he never asked for an appeal. Based on evidence and testimony, the court finds that Movant's counsel was not ineffective.

## III.     CONCLUSION

The government's motion for summary judgment is granted. Movant's § 2255 motion is denied without prejudice.

## V.     CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims

by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that Movant has not made the requisite showing.  Accordingly, the court denies a certificate of appealability.

**IT IS SO ORDERED.**

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Charleston , South Carolina
August 26, 2020